UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY D. MUNGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 311 RWS |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On March 10, 2017, I adopted the Magistrate Judge's Report and Recommendation in this Social Security case, affirmed the Commissioner of Social Security's decision to deny Plaintiff Bradley Mungle benefits, and dismissed the case. At that time, I noted that neither party had filed objections to the Report and Recommendation. It has just come to my attention that the Court did receive a timely filing that appears to have been submitted on the Plaintiff's behalf. The filing included handwritten papers, signed by Ruth and Ronald Mungle, describing Plaintiff's medical issues and disagreeing with the ALJ's findings. It also included other documentation, including letters from family and friends describing Plaintiff's condition and copies of prescription records.

It appears that this filing is meant to offer objections to the Magistrate Judge's Report and Recommendation. To the extent that is true, the objections are not properly before me because it does not appear that the papers were signed by Bradley Mungle personally, who is proceeding pro se. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Even if the objections were properly before me, they would not change the outcome. My review at this

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

stage is limited to determining whether the ALJ's decision complies with legal requirements and is supported by substantial evidence in the record as a whole. As the Magistrate Judge explained, if substantial evidence supports the decision, the Court may not reverse the decision merely because there is also substantial evidence in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). I cannot substitute my judgment for that of the ALJ. *Metz v. Shalala*, 49 F.3d 374, 376 (8th Cir. 1995).

Before entering judgment in this case, I carefully reviewed the record and the Magistrate Judge's Report and Recommendation and concluded that the ALJ's decision is supported by substantial evidence on the record as a whole. Nothing in the filing the Court has just uncovered changes my conclusion that the decision is supported by substantial evidence. Even if I were to consider the filing as properly filed objections, I would affirm the Commissioner's decision to deny benefits.

Though this filing is not properly before me, in the interest of maintaining a complete record, I will direct the Clerk of Court to file it under seal with this order. No further response from the parties is requested or required. The judgment entered in this case remains in place.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to enter the filing submitted to this Court by Ruth and Ronald Mungle under seal with this order. The judgment entered in this case remains in place.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2017.